UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAXIMO RODRIGUEZ,<br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CIVIL NO. 98-1043(PG)<br>CRIMINAL NO. 96-306(PG) |

### OPINION AND ORDER

The matter before the Court is the unopposed Magistrate Judge's report and recommendation concerning petitioner Maximo Rodriguez's motion to vacate sentence under 28 U.S.C. § 2255 (Docket No. 15).

The grounds raised by petitioner Rodriguez in his 2255 motion, to wit, that his plea of guilty was involuntary and that he received ineffective assistance of counsel, were duly analyzed by the Magistrate Judge. In a thorough report and recommendation, the magistrate judge recommended that Rodriguez's petition be denied.

Petitioner is asking the Court to withdraw his guilty plea. It is well established that a defendant does not have an absolute right to withdraw a guilty plea. United States v. Muriel, 111 F.3d 975, (1st Cir. 1997); United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996); United States v. Gray, 63 F.3d 57, 60 (1st Cir. 1995). A plea may be withdrawn "only upon showing by the defendant of any fair and just reason." Fed. R. Crim. P. 32(d), Isom, 85 F.3d at 834; United States v. Laliberte, 25 F.3d 10, 13 (1st Cir. 1994). The burden of



AO 72A
(Rev. 8/82)

Civil No. 98-1043(PG) 2
Criminal No. 96-306(PG)

persuading the court that there is fair and just reason falls upon the defendant. Id; United States v. Parrilla Tirado, 22 F.3d 368, 371 (1st Cir. 1994).

To reach the conclusion that petitioner's plea was knowing, voluntary and intelligent within the meaning of Fed. R. Crim. P. 11(d), the Magistrate Judge considered the totality of the circumstances surrounding the Rule 11 hearing and other factors such as the force and plausibility of petitioner's proffered reasons. See e.g., Isom, 85 F.3d at 834. See also United States v. Hawkins, 139 F.3d 29 (1st Cir.) cert denied, 525 U.S. 1029 (1998). The Court agrees with the conscientious and thorough examination by the Magistrate Judge of the circumstances and factors which led to her conclusion that the plea was voluntary.

The Magistrate Judge began her analysis of petitioner's ineffective assistance of counsel claim by noting that to prevail, Rodriguez must satisfy the two-part test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 686 (1984). She carefully examined under the Strickland test the alleged deficient performance of petitioner's counsel in relation to: (1) his inaccurate prediction about Rodriguez's sentence, (2) his failure to argue for an adjustment to Rodriguez's base offense level or criminal history category and (3) his failure to file an appeal when requested

AO 72A
(Rev. 8/82)

Civil No. 98-1043(PG)                                                                   3
Criminal No. 96-306(PG)

history category and (3) his failure to file an appeal when requested by petitioner. The Court agrees with the Magistrate Judge's conclusion that petitioner failed to show that "there was a reasonable probability, that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Id.

In view of the above, the Court Approves and Adopts the U.S. Magistrate Judge's report and recommendation, and in accordance therein, petitioner's 2255 motion is hereby **DENIED** and this case is **DISMISSED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico ____July____ _10_, 2000.


                                            _____
                                            JUAN M. PEREZ-GIMENEZ
                                            U.S. District Judge

AO 72A
(Rev. 8/82)